UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Sharona Middlebrooks,

    Plaintiff,

v.

Crothall Healthcare, Inc.,

    Defendant.

_____/

**COMPLAINT WITH REQUEST FOR JURY TRIAL**

Plaintiff, Sharona Middlebrooks, through undersigned counsel, hereby brings this action against Crothall Healthcare, Inc. (a Compass One Healthcare Company), and alleges as follows:

**INTRODUCTION**

1. Plaintiff alleges that Defendant violated the Family Medical Leave Act when she had a serious medical condition, invaded her privacy in violation of Florida law while she was a patient in the hospital, and failed to pay her overtime pay in violation of the Fair Labor Standards Act.

**JURISDICTION AND VENUE**

2. At all times relevant herein, Defendant has systematically transacted business in the Southern District of Florida, specifically at North Shore Medical Center (Miami), 1100 N.W. 95th Street, Miami, Florida 33150-2038. Therefore, the Court has personal jurisdiction over Defendant.

3. Most of the acts complained of herein occurred at Defendant's offices at the above address. Therefore, this is a proper venue under 28 U.S.C. § 1391(b).

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States of America, specifically the FMLA and the FLSA.

5. The Court has supplemental jurisdiction over the Florida law claim for invasion of privacy under 28 U.S.C. § 1367.

## PARTIES

6. Plaintiff, **Sharona Middlebrooks**, is a person of the full age of majority and a resident of Miami-Dade County, Florida. Specifically, she resides at 11443 S.W. 243rd Terrace, Homestead, Florida 33032.

7. Defendant **Crothall Healthcare, Inc.** (a Compass One Healthcare Company), is a foreign profit corporation based at 1500 Liberty Ridge Drive, Suite 210, Wayne, PA 19087, authorized to do business in Florida, and at all material times herein has conducted business in Miami-Dade County, Florida, specifically at North Shore Medical Center (Miami), 1100 N.W. 95th Street, Miami, Florida 33150-2038.

8. At all material times herein, Defendant operated the business in which Plaintiff worked.

9. At all material times herein, Defendant has been an enterprise engaged in commerce pursuant to the FLSA. It has controlled and directed the terms, conditions, activities, duties, and responsibilities of Plaintiff's employment, and hence has been her employer under the FLSA.

10. At all material times herein, Defendant has had annual gross receipts exceeding $500,000.

11. At all material times herein, Defendant has employed one or more employees engaged in commerce pursuant to the FLSA.

12. At all relevant times herein, Defendant was Plaintiff's employer under the FMLA because Defendant controlled and directed the terms, conditions, activities, duties, and responsibilities of Plaintiff's employment.

## FACTS

13. Defendant employed Plaintiff in Environmental Services at North Shore Medical Center in Miami from approximately July 2017 through February 26, 2020, employing her first as a Patient Ambassador and paying her by the hour from approximately July 2017 through June 2019, and then employing her as Operations Manager and paying her a salary of $42,000 per year plus benefits from approximately June 2019 through February 26, 2020.

14. While Plaintiff was employed as a Patient Ambassador, she often worked over 40 hours a week and Defendant paid her overtime pay.

15. However, while Plaintiff was employed as Operations Manager, she often worked over 40 hours a week but Defendant did not pay her overtime pay for all of her hours over 40. Indeed, she worked an average of 65 hours per week.

16. As Operations Manager, Plaintiff was not a highly compensated worker, rarely exercised managerial-type decision-making, and did not regularly supervise others. The vast majority of her time was spent doing not-exempt "housekeeping," cleaning work, giving supplies to employees, doing routine paperwork and visiting patients.

17. Therefore, she was unlawfully classified as an exempt employee not entitled to "time and a half" under the overtime pay provisions of the FLSA.

18. Plaintiff suffered from a "serious health condition," specifically anemia (low hemoglobin) and chronic, moderate to severe asthma. She took asthma medications, specifically albuterol and/or Symbicord.

19. As a result, she made relatively frequent trips to hospital emergency rooms, when she feared her airway was blocked or was suffering the effects of the anemia.

20. In or about September 2019, Plaintiff requested FMLA leave, when she got a blood transfusion because of the anemia.

21. On or about November 3, 2019, she suffered an asthma flare-up and was admitted to North Shore Medical Center.

22. Plaintiff promptly notified her employer of her health condition and hospitalization.

23. She was discharged from the hospital on or about November 20, 2019.

24. While she was hospitalized on November 2 or 3, 2019, her supervisor, the Assistant Director of Environmental Services, Rosemary Rodriguez, left her department and went to the emergency department where Plaintiff was admitted as a patient. Ms. Rodriguez repeatedly violated her privacy by entering her room, interrogating her, and by accessing or attempting to access private health information from Clarissa, the charge nurse, about the medical reason for her admission, and by even questioning the security guard about same.

25. Soon after her date of admission on November 3, 2019, Defendant, through employees Rosemary Rodriguez and Shavone Hillard, began interfering with her FMLA rights and retaliating against her by refusing answer her repeated inquiries, over the course of approximately 20 days, as to how many paid time off (PTO) days she had used while out sick, versus how many FMLA days she had used. They also refused to answer other related questions about sick leave and the FMLA.

26. On or about November 21, 2019, Ms. Hillard charged at her threateningly and yelled in her face.

4

27. On or about November 21, 2019, Plaintiff complained in writing, by e-mail, to one or more supervisors about these FMLA violations and threatening acts.

28. Soon thereafter, and as a proximate result of her lawful exercise of her FMLA rights, Defendant unlawfully fired her, demanded her resignation, and/or forced her to resign through their acts of intimidation.

**COUNT 1 OF 3:**
**FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2601 *et seq.*;**
**SHARONA MIDDLEBROOKS VERSUS CROTHALL HEALTHCARE INC.**

29. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-13 and 18-28 as if fully set forth herein.

30. The FMLA, 29 U.S.C. § 2601 *et seq.*, entitles eligible employees of covered employers to take up to unpaid, job-protected leave for specified family and medical reasons.

31. Eligible employees may take up to 12 workweeks in a 12-month period for a serious health condition that makes the employee unable to perform the essential functions of her job.

32. Upon return from FMLA leave, an employee must be restored to her original job, or to an equivalent job with equivalent pay, benefits, and other terms and conditions of employment.

33. At all relevant times, Defendant was a covered employer under 29 U.S.C. § 2611(4) because it employed 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

34. At all relevant times, Plaintiff was an eligible employee under 29 U.S.C. § 2611(2) because she worked for a covered employer, worked for the employer for at least 12 months, had at least 1,250 hours of service during the 12-month period immediately preceding the leave period, and worked at a location where the employer had a least 50

5

employees within 75 miles.

35. While employed by Defendant, Plaintiff invoked her rights under the FMLA, apprising Defendant as soon as practicable of a "serious health condition" as defined by 29 U.S.C. § 2611(11), because it required continuing treatment by a health care provider. She was entitled to FMLA leave in order to care for herself with the serious health condition.

36. Rather than lawfully allowing her request for FMLA leave to be processed, Defendant violated the FMLA by interfering with her FMLA rights, disregarding its dictates, and retaliating against her, in violation of 29 U.S.C. § 2615(a)(1) (unlawful interference) and 29 U.S.C. § 2611(c) (discrimination and retaliation).

37. WHEREFORE, Plaintiff prays that, after due proceedings, judgment be entered in her favor and against Defendant for all damages in the premises, including, but not limited to, damages for all lost wages, job benefits, front pay, back pay, liquidated damages, interest, costs, and attorneys' fees, and all other damages allowed by law.

### COUNT 2 OF 3:
### INVASION OF PRIVACY & PUBLIC DISCLOSURE OF PRIVATE FACTS--FLORIDA LAW; SHARONA MIDDLEBROOKS VERSUS CROTHALL HEALTHCARE INC.

38. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-13 and 18-28 as if fully set forth herein.

39. As a patient in a hospital, Plaintiff has a reasonable expectation of privacy under Florida law.

40. The Health Insurance Portability and Accountability Act ("HIPAA") was enacted by Congress to protect patients' private healthcare information.

41. Defendant, through its agents, violated Plaintiff's privacy by obtaining her full private patient healthcare information from hospital computers, entering her hospital room, and sharing that private information with co-workers.

42. Said information was not public in nature; it was private and confidential healthcare information, protected by the HIPAA.

43. Defendant's unilateral actions were unauthorized by Plaintiff, intentional, malicious, and offensive.

44. As a result, Plaintiff has suffered embarrassment, humiliation, emotional distress/mental anguish, deprivation of peace of mind and happiness, and has incurred attorney's fees, costs, and expenses, and Plaintiff seeks a judgment against Defendant for all of same.

**COUNT 3 OF 3:**
**OVERTIME PAY UNDER THE FAIR LABOR STANDARDS ACT;**
**SHARONA MIDDLEBROOKS VERSUS CROTHALL HEALTHCARE INC.**

45. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-11 and 13-17 as if fully set forth herein.

46. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendant was required to pay Plaintiff overtime compensation for all hours over 40 in a workweek.

47. Plaintiff regularly worked overtime hours for which she was not compensated, in violation of the overtime pay provisions of the FLSA.

48. Plaintiff regularly worked over 40 hours during workweeks, without being paid all overtime pay to which she was entitled.

49. Defendant's violations of the FLSA were reckless or intentional.

50. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in her favor and against Defendant for all overtime pay, an equal amount as liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and reasonable attorneys' fees.

* * *

51. Plaintiff demands demand a jury trial for all issues so triable.

\* \* \*

52. WHEREFORE, Plaintiff, Sharona Middlebrooks, prays that judgment be rendered in her favor, and against Defendant Crothall Healthcare, Inc. (a Compass One Healthcare Company), for all damages in the premises, including, but not limited to, all damages set forth in each Count above.

    Respectfully submitted:

    s/ Steven F. Grover
    ---------------------------------------------
    Steven F. Grover (FL Bar 131296)
    For Steven F. Grover, PA
    101 N. Riverside Dr.
    Suite 203
    Pompano Beach FL 33062
    Tel.: 954-290-8826
    E-mail: stevenfgrover@gmail.com